`'05 OCT 26 AM 11: 26`

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

CLERK
U.S. BANKRUPTCY COURT
NORTHERN DIST OF MISS

**IN RE:**
**FF ACQUISITION CORP. D/B/A FLEXIBLE-FLYER**          **CHAPTER 11**
**Debtor**                                              **CASE NO. 05-16187**

**EMERGENCY MOTION TO SELL CERTAIN INTELLECTUAL PROPERTY
OF THE DEBTOR-IN-POSSESSION, FREE AND CLEAR OF LIENS, CLAIMS
AND INTERESTS, OUTSIDE THE ORDINARY COURSE OF BUSINESS**

COMES NOW FF Acquisition Corp. d/b/a Flexible-Flyer (the "Debtor," or the "Movant") and files this its Emergency Motion to Sell Certain Intellectual Property of the Debtor-in-Possession, Free and Clear of Liens, Claims and Interests, Outside the Ordinary Course of Business (the "Motion"), and in support thereof would respectfully show as follows, to-wit:

1. On September 9, 2005 (the "Petition Date"), the Movant filed with this Court its Voluntary Petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). The Debtor remains in possession of its assets and properties as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§157 and 1334; 11 U.S.C. §§105, 361, 363, 365, 1107 and related statutes and rules, as well as various orders of reference. This is a core proceeding.

3. Prior to the Petition date, Movant was engaged in the manufacture, sale, distribution and marketing of metal swing sets, hobby horses, go-carts and compact utility vehicles. The Debtor's pre-petition manufacturing operations were significantly impacted when it could not obtain commitments from its major customer base for purchases of finished goods in the future.

4. <u>Events leading to bankruptcy filing</u>. The Debtor has suffered cash flow problems for several months due, in part, to its major customers not purchasing finished goods at forecast levels,

unjustified returned finished goods and uncertainty as to whether or not its customer base is willing to make commitments for the purchase of the Debtor's finished goods in the future, so as to justify the Debtor in purchasing raw materials for the manufacture of finished goods. Those cash shortages have resulted in the Debtor's inability to pay its operating expenses. It needs the relief afforded by the Bankruptcy Code to orderly liquidate its business operations.

5. The Debtor does not believe that it is viable as an ongoing, operating entity, and it has made the decision to liquidate its account receivables, inventory and other assets pursuant to Chapter 11 of the Bankruptcy Code.

6. <u>Secured Obligations of the Debtor</u>. As of the Petition Date, the Debtor owed approximately $2,000,000.00 of indebtedness to the CIT Group/Commercial Services, Inc. ("CIT"). CIT served as the Debtor's pre-petition working capital lender, pursuant to a relationship commonly known as "factoring," whereby the Debtor sold the majority of its account receivables to CIT in exchange for cash advances by CIT to the Debtor. CIT has also provided certain letters of credit to the Debtor. CIT asserts a first priority security interest in the Debtor's account receivables, inventory and significant other assets (the "Collateral), in order to secure the Debtor's obligations. The Debtor believes that CIT enjoys a first priority security interest in the Collateral, and the Court has so acknowledged.

7. Further, the Debtor may be subject to lien claim assertions with respect to certain other borrowings, but the extent, validity or priority have not been fully investigated or determined by the Debtor, which reserves all rights with respect thereto. For the purposes of the Motion, the Debtor does not believe that any other creditor holds liens or security interests in connection with the assets of the Debtor that are the subject of the Motion.

8. Subsequent to the filing of the Petition herein, the Debtor sought, and obtained Court approval of, the use of CIT's cash collateral and for additional post-petition financing provided by CIT. The Debtor has continued its orderly liquidation of its assets, post-petition, and has reduced its obligations to CIT to approximately $400,000.00, from the balance on the Petition date of almost $2,000,000.00.

9. Prior to the filing of the Petition herein, the Debtor entered into an agreement with an entity known as "Paricon, Inc." ("Paricon" or the "Purchaser"), which provided for, among other things, the grant of a licence from the Debtor, to Paricon, for the use of certain trademarks and related intellectual property of the Debtor by Paricon. A copy of the agreement is attached, incorporated by reference and marked as Exhibit "A".

10. In furtherance of its obligations in this Chapter 11 liquidating case, the Debtor has sought purchasers for its intellectual property (as well as all of its other assets). Paricon is a logical purchaser of certain intellectual property assets because of the existing agreement between Paricon and the Debtor.

11. However, the Debtor has not limited its search for purchasers of its intellectual property to Paricon - instead, it conducted diligent searches and inquiries, both pre-petition and post-petition, to locate and/or secure the highest and best offers it could obtain for its intellectual property (and all other assets).

12. After conducting these searches and inquiries, and exercising an appropriate level of due diligence to secure a purchaser for certain of its intellectual property, the Debtor, in the exercise of its best business judgement, has made the business judgement decision to sell certain of its intellectual property to Paricon, in order to generate cash to help pay the daily operating expenses

of the Debtor and to fund the Debtor's plan of liquidation, which the Debtor will file in the near future.

13. On or about October 21, 2005, the Debtor received an offer from Paricon to buy certain assets which form the subject matter of the Motion for the sum of $300,000.00 (the "Purchase Price"), which is to be paid in full, in cash, at closing, along with additional consideration. A copy of the letter of intent (which is only a letter of intent) evidencing the basic terms of the agreement of the parties is attached, incorporated by reference and marked as Exhibit "B". The Intellectual Property that is to be sold from the Debtor to Paricon is described in the first paragraph of Exhibit B and shall be hereinafter collectively referred to as the "Intellectual Property". The Intellectual Property's current market value is approximately the same as the Purchase Price.

14. The Intellectual Property either is not subject to any liens, claims or interests, or, alternatively, by the time the Motion is heard, the Intellectual Property will not be subject to any liens or claims. Debtor seeks authority of the Court to sell the Intellectual Property to Paricon free and clear of all liens, claims & interests.

15. In addition to the sale of the Intellectual Property, the agreement of the parties also provides that all royalties that Paricon has been computing and paying under its present license from the Debtor will terminate as of September 30, 2005. However, Paricon has agreed to pay the Debtor a prior period royalty of $11,545.01 by November 15, 2005, and the royalties accrued for the quarter ending September 30, 2005, are to be paid by October 30, 2005.

16. The Debtor represents to creditors and parties-in-interest that the sale of the Intellectual Property is in the best interests of the estate, its creditors and parties-in-interest. The Purchase Price, as described herein, is fair, reasonable and appropriate.

17. The Debtor seeks authority of the Court to authorize Michael Earrey, as authorized representative of the Debtor, to execute such bills of sale, of the transfer instruments, assignments, asset purchase agreements (which are being negotiated and will be finalized before the sale is consummated), title documents and/or any forms promulgated by the public authorities necessary to recognize and acknowledge the transfer of the Intellectual Property.

18. The Purchaser is a good faith purchaser. The Purchaser is not an insider of the Debtor. The sale is an arm's length sale.

19. The consideration for the transfer of the Intellectual Property shall be paid directly from the Purchaser to the Debtor. The funds will be utilized in the Debtor's ordinary course of business to pay administrative expenses and claims, to the extent it is necessary to use the funds therefor.

20. Counsel for the Debtor has had to expend a significant amount of time with respect to the Motion. Further, but for the efforts of Debtor's counsel, the Intellectual Property could not be sold, and certainly could not be sold in as timely a fashion, thereby increasing the Debtor's "costs of carrying" the Intellectual Property. Thus, as a result, the sale proceeds should be "surcharged" for payment of Debtor's counsel's fees and expenses associated therewith and associated with the sale thereof.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully prays upon a hearing hereof, this Court will authorize the Debtor to sell the Intellectual Property, as described herein, for the Purchase Price referenced herein, free and clear of all liens, claims and interests, to further authorize Michael Earrey, on behalf of the Debtor, to execute such documents as may be reasonably

necessary to consummate the sale of the Intellectual Property. The Debtor prays for general relief.

THIS, the 21st day of October, 2005.

                                       Respectfully submitted,

                                       FF ACQUISITION CORP.
                                       D/B/A FLEXIBLE-FLYER

                                       By Its Attorneys,

                                       HARRIS & GENO, PLLC

                                       By: /s/ Craig M. Geno
                                             Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Jeffrey K. Tyree; MSB No. 9049
Melanie T. Vardaman; MSB No. 100392
Harris & Geno, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile
F:\Users\Bankrupt\Flexible-Flyer\Pleadings\Flexible Flyer\Factoring, Cash Collateral Use\Paricon\EmergencyMtn to Sell.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via U. S. Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

>Sammye S. Tharp, Esq.
>Office of the United States Trustee
>Suite 706, A. H. McCoy Federal Building
>100 West Capitol Street
>Jackson, MS 39269

THIS, the 25th day of October, 2005.

_____
Craig M. Geno

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:
FF ACQUISITION CORP. D/B/A FLEXIBLE-FLYER          CHAPTER 11
Debtor                                              CASE NO. 05-16187

# EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:
FF ACQUISITION CORP. D/B/A FLEXIBLE-FLYER     CHAPTER 11
Debtor                                        CASE NO. 05-16187

# EXHIBIT "B"

Paricon, Inc.
P.O. Box 157
South Paris, Maine 04281

LETTER OF INTENT

October 21, 2005

Mr. Mike Harroy, CFO
F.F. Acquisition Corp.
100 Tubb Avenue
P.O. Box 1290
West Point, MS 39773

Dear Mr. Harroy:

This Letter of Intent comprises the revised proposal of Paricon, Inc. to purchase the following registered United States Flexible Flyer trademarks, by registration number: (1) 1,008,433; (2) 42,650; and (3) 55,077; and, in addition (4) U.S. Registration No. 2,344,458; and (5) U.S. Application Serial No. 76/599,446 are to be purchased for use on the following goods only: "sliding apparatus for recreational use, namely, sleds, toboggans, sleighs, saucers and inflatable tubes." The latter registration and application are to be assigned only with respect to use on the specified goods, and requests to divide the said registration and application shall be filed in the U.S. Patent and Trademark Office concurrently with the other pertinent assignment and recording documents for all the other foregoing listed marks. In addition, Paricon, Inc. offers to purchase the following registered Canadian Flexible Flyer trademark: 10,664.

The following are the essential terms of our proposal:

o  Paricon, Inc. agrees to purchase the above listed trademarks and application for the sum of $300,000, payable on closing after Bankruptcy Court approval, which closing is anticipated to be not later than November 15, 2005.

o  All royalties we have been computing and paying under our present license for Flexible Flyer trademarks will cease as of September 30, 2005.

o  Paricon, Inc. agrees to pay to F.F. Acquisition Corp. a prior period royalty payment of $11,545.01 by October 15, 2005, in accordance with the original Interim Agreement of November 24, 2004,

○   Paricon, Inc. agrees to pay royalties accrued for the quarter ending September 30, 2005, by October 30, 2005, as required under the Interim Agreement.

○   Your advice is to make the checks to F.F. Acquisition Corp. and mail to:

F.F. Acquisition Corp.
100 Tubb Avenue
P.O. Box 1296
West Point, MS 39773

The above arrangements will confirm our various conversations and serve as our letter of intent for the transactions between F.F. Acquisition Corp. and Paricon, Inc., subject to completion of formal documents and approval of the Bankruptcy Court.

Please sign and return one copy of this letter indicating your acceptance and agreement for F.F. Acquisition Corp.

Thank you for your cooperation in reach an equitable agreement.

Sincerely,

Paricon, Inc.

By: _____   Date 10/21/05
Henry R. Morton, President

F.F. Acquisition Corp.

By: _____   Date _____
Mike Harrey
Chief Financial Officer

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:
FF ACQUISITION CORP. D/B/A FLEXIBLE-FLYER          CHAPTER 11
Debtor                                              CASE NO. 05-16187

ORDER SETTING EXPEDITED HEARING ON DEBTOR'S
EMERGENCY MOTION TO SELL CERTAIN INTELLECTUAL PERSONAL
PROPERTY OF THE DEBTOR-IN-POSSESSION, FREE AND CLEAR OF LIENS,
CLAIMS AND INTERESTS, OUTSIDE THE ORDINARY COURSE OF BUSINESS

THIS CAUSE having come on to be heard on the *Ore Tenus* Motion of the Debtor for an Expedited Hearing on the Debtor's Emergency Motion to Sell Certain Intellectual Property of the Debtor-in-Possession, Free and Clear of Liens, Claims and Interests, Outside the Ordinary Course of Business (the "Motion"), and the Court having heard and considered the request to set an expedited hearing in connection with the Motion, and being fully advised in the premises, is of the opinion that this Order should be entered, setting an expedited hearing in connection with the Motion. It is, accordingly,

ORDERED that objections to the Motion must be filed by 4:00 pm CST on or before the 14th day of November, 2005, with the Clerk of the Court, David Puddister, U.S. Bankruptcy Court, Northern District of Mississippi, Cochran U.S. Bankruptcy Courthouse, 703 Hwy 145N, Aberdeen, MS 39730, with a copy to Craig M. Geno, Esq., of Harris & Geno, PLLC, counsel for the Debtor-in-possession, at P. O. Box 3380, Ridgeland, MS 39158-3380. In the event objections are timely filed, they will be considered by the Court at a hearing on the 15th day of November, 2005, at the Cochran U.S. Bankruptcy Courthouse in Aberdeen, Mississippi, commencing at 10:00 am. It is, further,

ORDERED that counsel for the Debtor-In-Possession shall provide a copy of this Order, the Motion and the notice in connection with the Motion that will be promulgated by the Office of the

Clerk to members of the Unsecured Creditors Committee, the United States Trustee, all taxing authorities (and their counsel), all secured creditors, the Purchaser (as defined in the Motion) and all entities having entered an appearance herein.

SO ORDERED this, the _____ day of October, 2005.

_____
HON. DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE

Order Prepared By:

Craig M. Geno, Esq.; MSB No. 4793
Harris & Geno, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile

F:\Users\Bankrupt\Flexible-Flyer\Pleadings\Flexible Flyer\Factoring, Cash Collateral Use\Paricon\Order - EmergencyMtn.wpd