IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:
FF ACQUISITION CORP. D/B/A FLEXIBLE-FLYER    CHAPTER 11
Debtor                                        CASE NO. 05-16187

## AGREED ORDER

THIS CAUSE having came on to be heard on the Motion for Approval of Employee Retention and Incentive Program for Key Employees of the Debtor (the "Motion") and the objection thereto filed by the Official Unsecured Creditors' Committee (the "Committee"), and upon the Agreed Order entered by the Court on December 14, 2005, granting the Motion in part as to Bob Lochner and Shannon Webb, and the Court having considered the Motion, and the Committee's objection thereto as to Mike Earrey ("Mr. Earrey"), that has been resolved as set forth herein, and being fully advised in the premises, is of the opinion that the Motion is well-taken and should be granted. The Court does hereby find, order and adjudicate as follows, to-wit:

1.  Notice and a hearing were adequate and appropriate under the circumstances.

2.  On September 9, 2005 (the "Petition Date"), the Debtor filed with this Court its Voluntary Petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). The Debtor remains in possession of its assets and properties as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. To date, no trustee, examiner or official committee has been appointed in this case.

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are §§ 363 and 364 of the Bankruptcy Code and Bankruptcy Rule 4001(b).

4.  Prior to the Petition Date, Debtor was engaged in the manufacture, sale, distribution and marketing of metal swing sets, hobby horses, go-carts and compact utility vehicles. The

Debtor's pre-petition manufacturing operations were significantly impacted when it could not obtain commitments from its major customer base for purchases of finished goods in the future. The Debtor has made the decision to liquidate, in an orderly manner, substantially all of its assets in this Chapter 11 case.

5.     Debtor sought approval of the Employee Retention and Incentive Program described in the Motion ("Retention and Incentive Program" or the "Program"), which the Court granted except as to Mr. Earrey. The Retention and Incentive Program is designed to induce key employees of the Debtor to remain with the company through plan confirmation or sales of business units, or a combination thereof, and thereby provide a continuity of management and assistance in achieving the ultimate goal of maximizing the value of the Debtor.

6.     The retention of Mr. Earrey is vital to the Debtor's efforts to maintain and enhance the value of its estate. Mr. Earrey is intimately familiar with the Debtor's businesses and is essential to maintaining a continuity of operation and leadership during the uncertainty of the liquidation process. Continuity of management is absolutely critical to the Debtor's liquidation efforts. If the Debtor is unable to maintain and provide incentives to Mr. Earrey, valuable resources of information regarding the Debtor's operations may be lost and the chances of a successful liquidation will be greatly diminished. To further these goals, the Debtor has adopted the Retention and Incentive Program.

7.     In addition to the foregoing, a Retention and Incentive Program will lessen the economic burden already suffered by Mr. Earrey and will reward Mr. Earrey for the value/economic benefits generated by his efforts. Moreover, as reductions in force were implemented, Mr. Earrey assumed more duties without corresponding adjustments in his compensation. Mr. Earrey, who has

continued to work diligently on behalf of the Debtor's estate and for the benefit of the Debtor's creditors, should be fairly and equitably rewarded for his efforts. The Retention and Incentive Program will do that.

8. The Board of Directors of the Debtor approved a retention and incentive program for key employees early in the bankruptcy process. Promises of such a program have influenced the retention of Mr. Earrey since the filing of the petition in September, 2005.

9. The terms and conditions of Mr. Earrey's retention bonus are incorporated in an agreement titled "Retention Bonus Agreement Between FF Acquisitions Corp. and Mike Earrey", which was marked as Exhibit "A" to the Motion and is incorporated herein by reference.

10. In order to be eligible to receive a payment under the Retention and Incentive Program on a Payment Date, a current employee must remain employed in good standing by the Debtor as set forth within Exhibit "A" to the Motion.

11. The Retention and Incentive Program will be funded by cash generated by the Debtor from asset sales or collection of accounts receivables.

12. The Retention and Incentive Program as to Mr. Earrey is amply supported by the Debtor's sound business judgment. The Retention and Incentive Program is a critical component to the success of the Debtor's continuing efforts to maintain and enhance the value of its assets in order to liquidate or maximize such value through a sale of one or more business units, or a combination thereof. The Retention and Incentive Program is designed to keep critical full-time employees working for the Debtor during the sale/liquidation process. Mr. Earrey, one of the Debtor's key employees, needs to be given an incentive to remain with the Debtor during these unpredictable and volatile times. Mr. Earrey is fully aware that, in this bankruptcy, liquidation

scenarios create a significant risk of job elimination. Without the proposed economic incentives, Mr. Earrey might have left, causing additional burdens of administering the Debtor's case.

13. In order to resolve the Committee's objection with respect to the Retention and Incentive Program as it pertains to Mr. Earrey, the Committee, Mr. Earrey and the Debtor have agreed that Mr. Earrey will be paid one-fourth of his 120-day lump sum bonus upon the entry of this Order, one-fourth upon the filing of past-due operating reports, one-fourth upon the filing of a Disclosure Statement and Plan of Reorganization, with the remaining one-fourth being paid upon confirmation of a Plan. The additional portion of Mr. Earrey's bonus equal to his monthly base salary shall be paid until he leaves or he is terminated. Mr. Earrey will remain employed by the Debtor until he is no longer needed or wanted, and he will consult after that as long as the Debtor needs his services. The Debtor will compensate Mr. Earrey on an hourly basis for such services.

14. Although the Court may properly authorize the Debtor's request under Bankruptcy Code § 363(b)(1), the Court may also approve the Retention and Incentive Program pursuant to Bankruptcy Code § 105(a).

15. No other program exists to retain key employees, and approval of the Retention and Incentive Program is critical to the Debtor's liquidation efforts. Accordingly, it is in the best interests of the estate that the Court authorize and approve the Retention and Incentive Program as to Mr. Earrey.

16. This is a Final Judgment, as contemplated by the applicable Bankruptcy Rules.

SO ORDERED this the 16th day of April, 2006.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND APPROVED BY:

[attached facsimile signature]

---

Jim F. Spencer, Esq.
Counsel for the Committee

*Craig M. Geno*

Craig M. Geno, Esq.
Counsel for the Debtor
F:\Users\Bankrupt\Flexible-Flyer\Pleadings\Flexible Flyer\Employee Retention\Order.Earrey.wpd

AGREED TO AND APPROVED BY:

_____
Jim F. Spencer, Esq.
Counsel for the Committee



_____
Craig M. Geno, Esq.
Counsel for the Debtor

F:\Users\Bankrupt\Flexible-Flyer\Pleadings\Flexible Flyer\Employee Retention\Order.Earney.wpd

5