IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE: FLEXIBLE-FLYER LIQUIDATING TRUST  **CHAPTER 11**
f/k/a FF ACQUISITION CORP. d/b/a FLEXIBLE-FLYER   **CASE NO. 05-16187-DWH**

### ORDER GRANTING MOTION TO APPROVE COMPROMISE AND SETTLEMENT AND OTHER RELIEF

THIS CAUSE is before the Court upon the Motion to Approve Compromise and Settlement and Other Relief (the "Motion"), filed herein by Flexible-Flyer Liquidating Trust f/k/a FF Acquisition Corp. d/b/a Flexible-Flyer (the "Trust"), the Court having heard and considered the Motion, and finding that no objections were filed thereto, is of the opinion that the Motion should be granted. The Court does hereby find, order and adjudicate as follows, to-wit:

1. Notice and a hearing were adequate and appropriate under the circumstances.

2. This Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 11 U.S.C. §§ 157, 105, 364, 503, 507, 541, 1107 and related statutes, rules and various orders of reference. This is a core proceeding.

3. On or about September 9, 2005 (the "Petition Date"), FF Acquisition Corp. d/b/a Flexible-Flyer (the "Debtor") filed its Voluntary Petition for reorganization with this Court under Chapter 11 of the Bankruptcy Code.

4. Thereafter, on October 27, 2007, the Debtor's Second Amended Plan of Reorganization which was confirmed by the Court and the Flexible-Flyer Liquidating Trust (the "Trust") was established.

5. Prior to the Petition Date, Edward Umberger and Joan Ann Umberger, Individually and as parent and natural guardian of Brianna Umberger, a minor (collectively referred to herein as

1

"Umberger"), initiated a lawsuit against the Debtor by filing a complaint for various causes of action including, but not limited to, personal injuries and damages in the Court of Common Pleas, Bucks County, Pennsylvania, as Cause No. 0303631-24-2 (the "Complaint"). The Complaint sought compensatory damages in excess of $50,000.00, along with pre-judgment interests, costs and post-judgment interest.

6. The Trust and the Debtor's insurance carrier and Umberger recently agreed to settle the Complaint and all issues related thereto by the payment of an undisclosed amount by the Trust to Umberger, and the payment of an undisclosed amount by the Debtor's insurance company to Umberger (the "Settlement"). A copy of the agreement outlining the terms of the Settlement (the "Settlement Agreement") has been filed under seal with the Court pursuant to this Court's Order Granting Motion For Authority to Protect Confidential Information From Public Disclosure By Filing It Under Seal (the "Seal Order")(Docket #1498). A copy of the Seal Order is attached to the Motion as Exhibit "A" and is incorporated herein by reference.

7. A basic policy in bankruptcy cases is that compromise is favored. *10 Lawrence P. King, Collier on Bankruptcy,* ¶ *9019.01 at 9019-2 (15th ed. Revised 2007).* Courts have built on this policy by adopting the standard set forth in the U.S. Supreme Court decision, *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390, U.S. 414 (1968).* In *TMT,* The Supreme Court mandated that a bankruptcy court, in considering whether to approve a compromise and settlement, should:

> apprise [itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Id. at 424.*

The Fifth Circuit standard has been stated in the *Official Comm. Of Unsecured Creditors v. Cajun Electric Power Coop., Inc:*

    a.   [t]he probability of success in the litigation, with due consideration for the uncertainty in fact and law,

    b.   [t]he complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and

    c.   [a]ll other factors bearing on the wisdom of the compromise.

*119 F. 3d 349 (5th Cir. 1997). Id. at 356.* These factors have been summarized as requiring the compromise to be "fair and equitable" and "in the best interests of the estate." *TMT, 390 U.S. at 424; Cajun Elec., 119 F.3d at 355.* The Court is not required to conduct a mini-trial or evidentiary hearing to determine the outcome of the dispute being compromised. *Cajun Elec., 119 F.3d at 355.* If a full evidentiary hearing on the merits of the dispute was required, "[t]here would be no point in compromise; the parties might as well go ahead and try the case." *10 Collier on Bankruptcy ¶ 9019.02 at 9019-4.* The Court, instead, should be apprised of the relevant facts and law sufficient to make an "informed and intelligent decision... *Cajun Elec., 119 F.3d at 355,* and determine "whether the settlement "falls below the lowest point in the range of reasonableness." *10 Collier on Bankruptcy ¶ 9019.03 at 9019-5.*

    8.   The Settlement is in the best interest of the estate, all creditors, and all other interested parties, and the Settlement constitutes a reasonable, fair and appropriate compromise of the Complaint and all issues related thereto in light of anticipated litigation costs and the uncertainty of a favorable outcome of a trial on the Complaint.

3

9. The Settlement is fair and equitable.

10. The Settlement is an appropriate exercise of the Trust's business judgment.

11. The Trust's representative is hereby authorized to execute the Settlement Agreement and any other document that may be reasonably necessary to effectuate the Settlement.

12. The Motion is hereby granted.

SO ORDERED AND ADJUDGED, this the 15th day of October, 2009.

HON. DAVID W. HOUSTON, III
U.S. BANKRUPTCY COURT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

Order Prepared and Submitted By:

Melanie T. Vardaman, MSB No. 100392
HARRIS JERNIGAN & GENO, PLLC
587 Highland Colony Parkway (39157)
Post Office Box 3380
Ridgeland, MS 39158-3380
Telephone No.: 601-427-0048
Facsimile No.: 601-427-0050